UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CR-75-1FL
NO. 7:22-CR-75-2FL
NO. 7:22-CR-75-3FL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) <u>CRIMINAL INFORMATION</u> |
| | ) |
| SHANE ANTHONY ROOKS, | ) |
| JASON MATTHEW TODD, | ) |
| JOSEPH H. WADDELL | ) |

The United States Attorney charges:

1. From on or about December 1, 2017, and continuing until on or about March 20, 2020, in the Eastern District of North Carolina, the defendants, SHANE ANTHONY ROOKS, JASON MATTHEW TODD, and JOSEPH H. WADDELL, knowingly and willfully conspired and agreed together and with each other to commit offenses against the United States, that is,

   a. to embezzle, steal, obtain by fraud, or otherwise without authority knowingly convert to the use of any person other than the rightful owner, and intentionally misapply property worth at least $5,000 and owned by and under the care, custody, and control of an organization receiving benefits in excess of $10,000 from Medicare in the one-year period beginning March 20, 2020, the defendants being agents of such organization, in violation of Title 18, United States Code, Section 666(a)(1)(A).

1

Manner and Means of the Conspiracy

2. It was part of the conspiracy that the defendants, who were employees of a hospital in the Eastern District of North Carolina, fraudulently used the hospital's funds to purchase cryptocurrency mining equipment for their personal use. Without authorization to do so, the defendants installed and ran this cryptocurrency mining equipment and other personally procured cryptocurrency mining equipment on the hospital's vendor network, using the hospital's power. This cryptocurrency mining operation earned cryptocurrency for the defendants.

Overt Acts

3. In furtherance of the conspiracy and to effect its unlawful object, the defendants committed and caused to be committed the following overt acts in the Eastern District of North Carolina:

a. In or around December 2017, SHANE ANTHONY ROOKS and JASON MATTHEW TODD discussed cryptocurrency mining equipment JASON MATTHEW TODD was running on the hospital vendor network, and SHANE ANTHONY ROOKS agreed to try running cryptocurrency mining equipment on the hospital vendor network as well.

b. In or between January 2018 and July 2018, SHANE ANTHONY ROOKS and JASON MATTHEW TODD discussed cryptocurrency mining on the hospital vendor network with JOSEPH H. WADDELL, and he agreed to try running cryptocurrency mining equipment on the hospital vendor network.

2

Case 7:22-cr-00075-FL   Document 5   Filed 05/26/22   Page 2 of 5

c. Between in or around December 2017 and March 2020, SHANE ANTHONY ROOKS used the hospital's purchasing system to acquire approximately $39,025.50 worth of cryptocurrency mining equipment using hospital funds, including:

    i. The purchase of 16 graphics cards on or about January 5, 2018 for approximately $9,175.68;

    ii. The purchase of 16 graphics cards on or about June 8, 2018 for approximately $9,584.00;

    iii. The purchase of three power supplies on or about April 19, 2019 for approximately $1,384.95; and

    iv. The purchase of two power supplies on or about September 26, 2019 for approximately $969.58;

d. Between in or around December 2017 and March 2020, SHANE ANTHONY ROOKS, JASON MATTHEW TODD, and JOSEPH H. WADDELL installed the cryptocurrency mining equipment on the hospital's vendor network;

e. Between in or around December 2017 and March 2020, SHANE ANTHONY ROOKS, JASON MATTHEW TODD, and JOSEPH H. WADDELL received cryptocurrency at respective Coinbase cryptocurrency accounts as a result of the operation of the cryptocurrency mining equipment installed on the hospital's vendor network.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the monetary transaction offenses charged herein, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the said offense.

The forfeitable property includes, but is not limited to, the following:

Forfeiture Money Judgment:

a) A sum of money representing the gross proceeds of the offense(s) charged herein against SHANE ANTHONY ROOKS, in the amount of at least $12,278.43.

b) A sum of money representing the gross proceeds of the offense(s) charged herein against JASON MATTHEW TODD, in the amount of at least $6,308.46.

c) A sum of money representing the gross proceeds of the offense(s) charged herein against JOSEPH H. WADDELL, in the amount of at least $4,008.26.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

MICHAEL F. EASLEY, JR.
United States Attorney

BY: BRADFORD M. DEVOE
Assistant United States Attorney